## Corydon Deposit Bank v. McClure, et al.

(Decided October 6, 1910.)

### Appeal from Henderson Circuit Court.

1.  Trial Before Court—Absence of Bill of Exceptions.—On appeal of a case on question of fact tried before the court, there being no bill of exceptions in the record, the only question is whether

or not the judges' finding of facts, and the pleadings, support the judgment.

2.  Discharge of Sureties—Unenforceable Agreement by Creditor—Validity.—An unenforceable agreement by a creditor to indulge a principal does not discharge the sureties in a note. In such case there is no valid extension of time.

VANCE & HEILBRONNER for appellant.

THOS. E. WARD for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Appellant, Corydon Deposit Bank, instituted this action against appellees, H. D. McClure, G. W. Cook and John W. Wheatley, to recover on a promissory note for $450.75, executed and delivered by the defendants to appellant on August 11th, 1902. From the petition and amendments thereto, it appears that, on April 25th, 1902, H. D. McClure and his mother, Mary H. McClure, by H. D. McClure, attorney, executed and delivered to appellant their promissory note for $1,115.75, payable four months after date; that this latter note was executed as a renewal of the note sued on in this action and other notes upon which H. D. McClure, and his mother, Mary H. McClure, were liable. It further appears that Mary H. McClure died, and in a suit to settle her estate it was held that H. D. McClure was without authority to sign his mother's name to the note for $1,115.75, and that her estate was not bound for said note. (Corydon Deposit Bank v. McClure, et al., 110 S. W. 856; 33 Ky. Law Rep., 679.) Appellees, Cook and Wheatley, defended on the ground that the note sued on in this action was delivered to their co-appellee McClure and stamped paid, and that if the note sued on was included in that for $1,115.75, they were released because of the fact that the renewal was made for a valid consideration without their knowledge or consent; that they were mere sureties on the note, and that at the time it was executed and became due, H. D. McClure, their principal, was solvent; that since that time he had become insolvent; that by reason of these facts they were released from all liability on the note.

The case was submitted to the trial judge without the intervention of a jury. He made a separate finding of the facts and the law and incorporated them in a judgment in favor of appellees. To the court's finding of

facts and the law appellant duly excepted. Thereafter it filed its motion for a new trial. This motion was overruled. The appeal was granted by this court. The record contains only the pleadings, the motion and grounds for a new trial, the judge's finding on the facts and the law, and the judgment entered thereon.

There being no bill of exceptions in the record, the only question before us is whether or not the judge's finding of facts and the pleadings support the judgment.

Briefly stated, the judge's finding of facts is as follows: On August 11th, 1902, appellees, Henry D. McClure, G. W. Cook and John W. Wheatley, executed and delivered to appellant the note sued on. On April 25th, 1903, appellant required Henry D. McClure, the principal in said note, to execute and deliver to it another note for $1,115.75, which was a renewal of the note sued on and of two other notes owing to it by him and his mother, Mary H. McClure. Appellant desired other sureties to secure the payment of the note sued on, and so informed Henry D. McClure. Upon the execution of the note for $1,115.75, appellant's cashier marked the note sued on herein as paid and surrendered it to Henry D. McClure satisfied. Thereupon appellant's cashier informed Wheatley and Cook, the sureties, that the notes upon which they were sureties had been settled and that they had been let out and released by the execution of the note for $1,115.75 with Mary H. McClure as surety. Appellant's cashier accepted the new note with full notice of the power of attorney which Henry D. McClure held from his mother, Mary H. McClure. The latter died on September 8th, 1903. In the settlement of her estate it was held that Henry D. McClure had no authority to sign her name to the note for $1,115.75. Appellees were not informed that appellant would claim anything against them until the filing of this suit. At the time of the surrender of the note sued on, and for some time after its maturity, Henry D. McClure, the principal, owned real estate and was solvent and had ample estate out of which said note could have been collected by execution. When this suit was filed he was insolvent and was also insolvent at the time of the submission of this case. G. W. Cook and John W. Wheatley were made sureties on the note. Upon the above finding of facts the court concluded, as a matter of law, that appellant was not entitled to recover of appellees, and entered judgment accordingly.

It is manifest from the foregoing abstract of the pleadings and finding of facts that the pleadings and finding of facts present but a simple question of law. Were appellees, as sureties of Henry D. McClure, released by appellant's acceptance of the renewal note for $1,115.75 under the circumstances above detailed? This exact question was before this court in the case of Corydon Deposit Bank v. McClure, et al., 110 S. W. 856. In that case suit was brought on one of the notes included in the $1,115.75 note referred to in this case. There it was contended that Mrs. McClure, as surety of the note sued on, was released by the acceptance of the $1,115.75 note under similar circumstances. In discussing the question this court said: "When, therefore, the renewal was adjudged invalid, the old liability of Mrs. McClure upon the $440 note was revived. Of this there can be no doubt. Nor does the fact that the renewal allowed four month's time for the payment, or that interest was paid in advance for such time, or that the principal became involved before the date of payment named in the renewal, affect the question, because the renewal was invalid from the time of its execution and acceptance. An unenforceable agreement by a creditor to indulge a principal does not discharge the sureties in a note. Krupp v. Martinus-Ritter-Verein, 53 S. W. 648, 21 Ky. Law Rep. 939. In such cases there is no valid extension of time. 7 Cyc. 898."

Being of the opinion that neither the pleadings nor the court's finding of facts support the judgment, the judgment is reversed and cause remanded for a new trial consistent with this opinion.